**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CENETTA NAN SCOTT**                    **CIVIL ACTION**

**VERSUS**                               **NO. 13-3925**

**CAROLYN W. COLVIN, COMMISSIONER**      **SECTION "B" (3)**
**SOCIAL SECURITY ADMINISTRATION**

### REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

## I.    BACKGROUND

Plaintiff filed a protective application for DIB on April 19, 2011, alleging a disability onset date of April 30, 2009. (Adm. Rec. at 101-07). Plaintiff alleges disability due to a stroke, hypertension, a heart murmur, arthritis, diabetes, a kidney cyst and "ear problems." (*Id.* at 120). Plaintiff, born on April 26, 1954, was 55 years old on the date on which she alleged disability and 57 years old at the time of the final administrative decision. (*Id.* at 116). Plaintiff has a high school diploma. (*Id.* at 121). Plaintiff has past work experience as a lead accounting clerk. (*Id.* at 15).

Defendant initially denied plaintiff's application on May 21, 2011. (*Id.* at 52-55). Plaintiff sought an administrative hearing, which defendant held on November 30, 2011. (*Id.* at 58-59, 21-42). Plaintiff and a vocational expert ("VE"), Thomas Meunier, testified at the hearing.

On March 2, 2012, the administrative law judge ("ALJ") issued a decision in which she found that plaintiff had not been disabled through the date of the decision. (*Id.* at 9-16). In the decision, the ALJ concluded that plaintiff has the severe impairments of obesity, diabetes mellitus, hypertension, low back pain and chronic kidney disease. (*Id.* at 11). The ALJ held that plaintiff did not have an impairment that meets or medically equals a listed impairment under the regulations. (*Id.* at 12). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that she is limited to occasional or limited grasping with the right dominant hand and can not work at temperature extremes. (*Id.* at 12). The ALJ concluded that plaintiff can perform her past relevant work as a lead accounting clerk. (*Id.* at 15). The ALJ thus denied plaintiff DIB. (*Id.* at 15-16).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 5). On March 29, 2013, the Appeals Council denied plaintiff's request. (*Id.* at 1-4). Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez*

*v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

III.     ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).    The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a

five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence."  *Id.*

**IV.    ISSUES ON APPEAL**

There are two issues on appeal:

(1)     Whether substantial evidence supports the ALJ's evaluation of plaintiff's credibility.

(2)     Whether substantial evidence supports the ALJ's RFC assessment.

**V.    ANALYSIS**

**1.    Whether substantial evidence supports the ALJ's evaluation of plaintiff's credibility.**

Plaintiff contends that the ALJ failed to apply the proper legal standard to determine her credibility.  The ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual capacity assessment."  [Doc. #9-6 at p. 14].  Plaintiff maintains that the ALJ failed to follow Social Security Ruling ("SSR") 96-7p when she assessed plaintiff's credibility.  Plaintiff maintains that one conclusory statement does not fulfill the ALJ's duties to properly assess her credibility.

"It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference."  *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted).  To this end, the ALJ is required to make "affirmative findings regarding a claimant's subjective complaints [of pain]," *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994), and such findings "should be upheld if supported by substantial evidence".  *Chambliss*, 269 F.3d at 522 (citation omitted).

But the ALJ did not just state in a conclusory fashion that she did not find plaintiff credible,

and plaintiff's own memorandum recognizes this.  [Doc. #11-1 at p. 7].  In full, the ALJ concluded:

> The undersigned finds the claimant less than credible.  The claimant alleged she had
> a stroke in 2006, yet she returned to work and continued working through April of
> 2009 when she retired from her job as an accountant at age 55.  Her testimony that
> she worked despite the pain and numbness in her arm and that she used the computer
> with one hand is far from credible as her earnings record shows she earned more in
> the [sic] 2007 than in 2006.  The claimant retired by choice, not as a result of her
> impairments rendering her unable to work.  She alleged she experiences numbness
> and cramping in her right dominant hand and pain in her right arm and back.  At the
> consultative evaluation, however, she demonstrated normal grip strength, grasping
> and dexterity bilaterally.  Straight leg raising was negative, she was able to walk on
> heels and toes and squat 2/3 of the way down and rise without support although she
> complained of some middle back pain.  She also asserted she had a hearing problem
> in both ears, but as the consultative examiner noted the claimant can hear normal
> conversation and she exhibited no difficulties at the hearing.  She testified she tries
> to cook and help her disabled mother use the restroom if her sister is not home.  Yet,
> on questioning by her attorney, she alleged an inability to perform activities of daily
> living such as dressing, combing her hair, and bathing and asserted she must lie
> down an hour to hour and a half.  The undersigned finds the claimant's allegations
> are not supported by the evidence of record or post-hearing consultative examination.

(Adm. Rec. at 15) (citations omitted).

The Court finds that substantial evidence supports this credibility determination.  The ALJ

considered the medical evidence in the record, that from the oral hearing and that from the post-

hearing consultative examination.  (*Id.* at 14).  At the oral hearing, plaintiff testified that her back

and arm pain were so severe that she could not, *inter alia*, bathe or dress herself without assistance.

(*Id.* at 26-27, 36).  However, plaintiff cites to no functional limitations attributable to a back or arm

impairment, let alone any limitation that would preclude the basic daily activities that she described.

At her consultative examination in December 2011, plaintiff demonstrated normal gait, normal range

of motion in the neck and lower back, and negative straight leg raises.  (*Id.* at 321-22).  The

consultative examiner, Miljana Mandich, M.D., further noted that plaintiff could ambulate without self-support, climb on and off the examination table, squat, and walk on heels and toes. (*Id.* at 14, 322). Plaintiff retained normal muscle bulk, tone, and strength in all extremities; a full range of motion of all joints; normal grip strength; normal grasping ability; and normal dexterity. (*Id.* at 322-23). Mandich concluded that there were no physical findings to warrant a diagnosis of a back or arm impairment, and she did not include one in the "Diagnoses" section of her report. (*Id.* at 323). The Court thus finds that the ALJ properly determined that the objective medical evidence does not support plaintiff's complaint of disabling back and arm pain. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (noting that "[t]he ALJ found the medical evidence more persuasive than the claimant's own testimony. These are precisely the kinds of determinations that the ALJ is best positioned to make.").

Plaintiff also testified at the hearing that she experienced a disabling ear impairment and suffered permanent hearing loss. (*Id.* at 29). Again, the record reveals no functional limitation from an ear impairment. While plaintiff points to record evidence that she was diagnosed with a hearing impairment (*Id.* at p. 327), it must be noted that that same evidence reveals no functional limitation from the impairment itself. Indeed, that examiner noted that plaintiff could still hear and understand simple oral instructions and to communicate simple information, and she could further use a telephone to communicate. (*Id.*).

Michael Hickman, M.D. treated plaintiff for allergic rhinitis and sinusitis from February 2011 to April 2011. (*Id.* at 14, 218-34). Hickman noted that plaintiff had some hearing loss during this time, but her ear trouble had apparently resolved itself by May 2011 so much so that she flew

to Hawaii (one month after she applied for disability benefits). (*Id.* at 14, 221, 232). The record contains no further treatment for an ear impairment. Indeed, Mandich noted in December 2011 that plaintiff could hear normal conversation in all directions, as had the earlier examiner noted above. (*Id.* at 321). In sum, the record does not support plaintiff's subjective complaints of a disabling ear impairment. (*Id.* at 14). To be credible, subjective complaints must be corroborated, at least in part, by objective evidence. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). And while one examiner may have opined that plaintiff has an ear impairment, that examiner found no functional limitation associated with any such impairment.

As noted above, the ALJ also considered plaintiff's work history. (*Id.* at 15). The ALJ noted that plaintiff had filed an earlier application for disability benefits in 2006. (*Id.* at 15, 26 ). After the Commissioner denied that application, plaintiff continued to work for several years, ultimately retiring voluntarily after becoming eligible for retirement benefits through her employer. (*Id.* at 15, 26). The Court finds that the ALJ properly concluded that this evidence lessens plaintiff's credibility that she left work because of her impairments. (*Id.* at 15).

Plaintiff concedes that the ALJ identified "some instances in the medical record that supported his [sic] position," but argues that there are "more numerous" records that support her allegations. [Doc. #11-1 at p. 6]. The Court finds this argument unpersuasive for several reasons. First, the only record to which plaintiff cites in support of her argument is a single treatment note that indicated that plaintiff was diagnosed with allergic rhinitis and sinusitis, impairments that not even plaintiff alleged contributed to her disability. (*Id.* at 227); [Doc. #11-1 at p. 7]. Plaintiff cites to no other medical evidence to support her assertions, including any records that support her

allegations of disabling back and arm impairments. The Fifth Circuit has stated that, in order to properly raise

an issue, a claimant must state the requested relief "with citation to the authorities, statutes, and parts of the record relied on." *Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990). Because plaintiff has failed to cite to medical evidence that corroborates her disabling subjective complaints, she can not demonstrate that the ALJ's decision is unsupported by the record.

Moreover, the Court finds that plaintiff misunderstands this Court's standard of review. Reversal is warranted in Social Security disability cases only if "**no** credible evidentiary choices or medical findings support the decision." *Boyd*, 239 F.3d 698, 704 (5th Cir. 2001) (emphasis added). Thus, by conceding in her memorandum that there are "some instances" in the record to support the ALJ's position, she essentially concedes that the ALJ's decision is supported by substantial evidence. *See id.*; [Doc. #11-1 at p. 6]. Indeed, and as noted above, this "court does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Carey*, 230 F.3d at 135.

Plaintiff further maintains that the ALJ's decision misapplies SSR 96-7p, which requires the ALJ to consider the entire case record and give specific reasons for her credibility findings. 1996 WL 374186. However, as this Court explained above, the ALJ summarized the medical evidence on which she relied and cited to specific records that undermined plaintiff's complaints. (Adm. Rec. at 13-15). Plaintiff maintains that the ALJ simply ignored the evidence in her favor and her subjective complaints. She contends that the ALJ should have granted her benefits because there is evidence favorable to her in the record. However, there is also evidence unfavorable to her, and

the task of weighing the evidence is the province of the ALJ.  *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). Evaluating a claimant's credibility is also the province of the ALJ.  *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). The Court finds no error here.

     **2.**     **Whether substantial evidence supports the ALJ's RFC assessment.**

As noted, the ALJ determined that plaintiff can perform sedentary work that requires only occasional grasping with the right hand and no exposure to temperature extremes.  (Adm. Rec. at 12).  Plaintiff contends that the ALJ failed to factor into her analysis of her RFC the functional limitations imposed on her ability to engage in basic work activities as a consequence of *all* of her "severe" impairments.  Plaintiff notes that counsel posed a hypothetical to the VE at the oral hearing – *i.e.*, are there "jobs for an individual with manipulative limitations and can only rarely engage in fingering activities[?]"  [Doc. #11-1 at p. 8]; (Adm. Rec. at 40-41).   The VE responded that there would be no jobs at the sedentary level.  (Adm. Rec. at 41).   Plaintiff maintains that the VE's response supports her claim that the ALJ did not apply the correct legal standard to assess her RFC.

Plaintiff cites to no objective medical evidence to support her assertion that she is more functionally limited than the ALJ's findings.  [Doc. #11-1 at pp. 8-9].  Indeed, the Court finds that the ALJ gave plaintiff the benefit of the doubt in assessing the RFC, as there is no medical evidence that she experienced limited grasping ability or, for that matter, any functional limitation stemming from such an impairment. Mandich found no abnormalities at the consultative examination and explicitly noted that plaintiff had normal grip strength, normal grasping ability, normal dexterity, and could hear normal conversation. (Adm. Rec. at 322-23).  She did not include a back or arm impairment in her ultimate diagnoses.  (*Id.* at 323).   Accordingly, the Court finds that plaintiff has

failed to demonstrate any additional functional limitations supported by objective medical evidence in the record.

As noted, plaintiff contends that the ALJ failed to take into account limitations from all of her severe impairments, which plaintiff notes included a stroke, heart murmur, arthritis, diabetes, hypertension, ear problems, and a cyst on her kidney. [Doc. #11-1 at p. 8]. However, the ALJ did not consider plaintiff's stroke, heart murmur, arthritis, ear problems, or cyst to be severe impairments. (Adm. Rec. at 11). Neither does plaintiff identify any limitations imposed by her stroke, heart murmur, arthritis, ear problems, or cyst, and does not cite to medical evidence to support any limitations. These alleged impairments were not severe, and the ALJ did not consider them as such. Indeed, the ALJ noted that plaintiff returned to work after her stroke in 2006. (*Id.* at 14-15). The ALJ summarized the record and cited to substantial evidence to support her RFC assessment. (*Id.* at 12-15). The RFC determination is the sole responsibility of the ALJ. *Taylor v. Astrue*, 706 F.3d 600 (5th Cir. 2012); 20 C.F.R. 404.1546(c). Thus, the Court finds that the ALJ properly accounted for all of the limitations stemming from the severe impairments recognized by her.

Lastly, plaintiff argues that the ALJ's hypothetical to the vocational expert should have included a limitation that plaintiff could rarely engage in fingering activities, as opposed to the limited grasping as found by the ALJ. [Doc. #11-1 at pp. 8-9]. Again, the ALJ gave plaintiff the benefit of the doubt by assessing a limitation in grasping because the record lacks objective medical evidence that demonstrates any such limitations. Further, plaintiff does not cite to any evidence in support of this limitation. Mandich noted normal grip strength, normal grasping ability, and normal

dexterity.  (*Id.* at 322-23).  An ALJ need only incorporate in the hypothetical the limitations supported by the evidence and recognized by the ALJ.  *Masterson*, 309 F.3d at 273. This, she did. The Court finds that substantial evidence supports the ALJ's RFC determination and rejects plaintiff's claims of error.

## VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 7th day of August, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**